BETH CREIGHTON, OSB #972440
E-mail: beth@civilrightspdx.com
KRISTIN R. BELL, OSB #235024
E-mail: kristin@civilrightspdx.com
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon 97204
Phone: (503) 221-1792
Fax:    (503) 223-1516

SEAN J. RIDDELL, OSB #013943
E-mail: sjr@seanjriddellpc.com
2905 NE Broadway St.
Portland, OR 97232
Phone: (971) 219-8453

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LAURAN PARISE, individually and in the capacity of personal representative of the estate of JENNIFER PARISE; and E.P., JENNIFER PARISE and LAURAN PARISE'S minor child,**<br><br>    Plaintiff,<br><br>  vs.<br><br>**THE CITY OF GRESHAM and GRESHAM POLICE OFFICER JONATHAN BUCK,**<br><br>    Defendants. | Civil Case No.<br><br>**COMPLAINT**<br><br>(42 USC §1983; Fourteenth Amendment, Wrongful Death, Negligence, Loss of Consortium)<br><br>**JURY TRIAL REQUESTED** |

## I. INTRODUCTION

1.  Pursuant to 42 USC §1983 and Oregon common law, Plaintiffs allege the

deprivation of their rights as protected by state and federal law. They seek damages and equitable

PAGE 1 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

remedies, attorney fees and litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction under 28 USC §1331 and 28 USC §1343 because Plaintiffs assert a cause of action arising under the Constitution, laws, or treaties of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 USC §1367.

3. Venue is in the District of Oregon pursuant to 28 USC §1391(b) because the claims arose in this judicial district.

## III. PARTIES

4. Plaintiff Jennifer Parise is deceased and died as a result of injuries sustained during the traffic collision described herein. At the time of her death, she lived in Multnomah County, Oregon.

5. Plaintiff Lauran Parise is Jennifer Parise's surviving spouse and the duly appointed personal representative of her estate. Lauran Parise was also injured in the same traffic collision that killed Jennifer Parise.

6. Plaintiff E.P. is Lauran Parise and Jennifer Parise's surviving minor child.

7. At all material times herein, Defendant Jonathan Buck was a Gresham Police Department Officer acting within the course and scope of his employment with the City of Gresham. He is sued in his individual capacity.

8. The City of Gresham ("Gresham") is a public body responsible under state law for the acts and omissions of its employees and officials, including those whose conduct is at issue

PAGE 2 – COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

herein.

### IV. FACTS

9. The City of Gresham enacted a vehicle pursuit policy in order to protect the safety of the involved officer, the public and fleeing suspects. This policy authorizes officers to engage in a pursuit *only when:*

> (a) a felony has been committed.
> (b) an officer reasonably suspects that a violent felony will be committed if the subject is allowed to escape, even if the subject is known and could be apprehended later.
> © an officer observes reckless driving. The driving conduct must be observed by the officer prior to the initiation of a stop and the driving conduct is not a result of police intervention, contact or other action.
> (d) an officer reasonably suspects an assault is occurring in a moving vehicle.
> (e) an officer reasonably suspects that a vehicle was involved in a shooting.

Under this policy, officers are not permitted to engage in a pursuit involving misdemeanors and traffic violations. Officers are to drive with due regard for the safety of all persons and property and may not exceed the speed limit or proceed past a red light or stop sign or disregard regulations governing direction of movement or turning unless there is no unreasonable risk to persons or property.

10. Gresham's Vehicle Pursuit Policy only permits an officer to initiate a pursuit when it is reasonable to believe that a suspect, who has been given an appropriate signal to stop by a law enforcement officer, is attempting to evade arrest or detention by fleeing in a vehicle. The officer must consider the following when initiating a pursuit:

> (a) The seriousness of the known or reasonably suspected crime and its relationship to community safety.
> (b) The importance of protecting the public and balancing the known or reasonably suspected offense and the apparent need for immediate capture against the risks to officers, innocent motorists, and others.
> © The safety of the public in the area of the pursuit, including the type of area, time of

PAGE 3 – COMPLAINT

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

day, the amount of vehicular and pedestrian traffic (e.g., school zones), and the speed of the pursuit relative to these factors.

(d) The pursuing officers' familiarity with the area of the pursuit, the quality of radio communications between the pursuing vehicles and the dispatcher/supervisor, and the driving capabilities of the pursuing officers under the conditions of the pursuit.

(e) Whether weather, traffic, and road conditions unreasonably increase the danger of the pursuit when weighed against the risks resulting from the suspect's escape.

(f) Whether the identity of the suspect has been verified and whether there is comparatively minimal risk in allowing the suspect to be apprehended at a later time.

(g) The performance capabilities of the vehicles used in the pursuit in relation to the speeds and other conditions of the pursuit.

(h) Emergency lighting and siren limitations on unmarked police department vehicles that may reduce visibility of the vehicle, such as visor or dash-mounted lights, concealable or temporary emergency lighting equipment, and concealed or obstructed siren positioning.

(I) Vehicle speeds.

(j) Other persons in or on the pursued vehicle (e.g., passengers, co-offenders, hostages).

(k) The availability of other resources such as air unit assistance.

11. According to the Gresham Vehicle Pursuit Policy, the officer must terminate a pursuit when:

(a) The risks to the public or the officer(s) outweigh the interests of apprehension; or
(b) The suspect has been identified, whereby later apprehension can be accomplished (EXCEPTION - the officer reasonably suspects the driver has or is about to commit a violent felony and the interest in apprehending the suspect outweighs the risks to the public/officers); or
© It reasonably appears that further pursuit will not result in the apprehension of the suspect; or
(d) The officer is so ordered by a supervisor or the pursuit is terminated by another officer, regardless of agency or jurisdiction.

Officers are held accountable for continuing a pursuit when circumstances indicate it should have been terminated.

12. Gresham Police Officer Jonathan Buck ("Officer Buck") received training on police vehicle operations that warned him that "others can be killed or seriously injured" and advised him to "always use good judgment and common sense." He was taught "when in doubt - terminate" the pursuit.

PAGE 4 –  COMPLAINT

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

13. On June 22, 2023, Gresham police generated a bulletin with images of a vehicle used by a suspect who committed a robbery on May 26, 2023, at the SW corner of NE 181 and Glisan. The bulletin contained the following information about the suspect vehicle.

• The suspect vehicle was a "silver sedan" "Silver 2000-2005 Buick LeSabre."

• The suspect vehicle had no license plate and displayed a temp permit in the upper L/R window.

• The R/R hubcap is missing from the wheel.

• The suspect vehicle appears to have a L/R brake light out.

• The suspect vehicle has 8-spoke wheels.

• The suspect vehicle is silver. Lighting causes the ice-blue hue seen in some images.

• The suspect vehicle comes and goes from somewhere north of Glisan in this robbery and another.

14. This bulletin was provided as a "Roll Call Bulletin" to Gresham Police Officers at the beginning of their shift on or about June 23, 2023. Officer Buck reviewed this bulletin at approximately 1500 hours.

15. On June 25th, 2023 around 6:10 PM, Gresham Police Officer Buck saw a 2004 Silver Buick Regal Limited with six spoke wheels traveling Southbound on NE 181st towards him while he was in the left-handed turn lane turning into the Rockwood Public Safety Building located at 675 NE 181st Ave, Gresham, Oregon.

16. Officer Buck observed the vehicle make a U-turn. Officer Buck then pulled out of the Rockwood Public Safety Building and turned Northbound, observing the Buick Regal slow down and stop just south of NE Pacific Court. Officer Buck then caught up with the Buick Regal as it drove northbound and change lanes. Officer Buck saw the Buick Regal quickly move into

PAGE 5 – COMPLAINT

CREIGHTON & ROSE, PC — ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

the special left-hand turn lane to turn west on NE Pacific Street and followed the Buick Regal.

17. Officer Buck followed the Buick Regal as it turned westbound on NE Pacific Street from NE 181 Ave. The Buick Regal turned around on NE Pacific Street and faced NE 181st Avenue turning back onto NE 181st Ave traveling Southbound.

18. Officer Buck radioed dispatch that he was behind a possible robbery suspect vehicle and gave his location and started to follow the Buick Regal. The driver of the Buick Regal increased his speed and entered the right-hand turn lane to turn westbound on NE Glisan St. The traffic was moderate at the time.

19. Officer Buck then turned westbound on NE Glisan and saw the Buick Regal traveling westbound in the special center turn lane passing cars in the two lanes to the right as it traveled 60-70 miles per hour in a 40 mile per hour zone.

20. Officer Buck activated his lights and siren and engaged in a pursuit of the Buick Regal. The Buick Regal was documented as going over 100 miles per hour down NE Glisan. Officer Buck was observed matching the speed of the Buick Regal in hot pursuit. During this pursuit Officer Buck failed to activate his body camera to record the pursuit in violation of ORS 133.741 and department policy 517.4(a).. Officer Buck's actions were negligent, in violation of Gresham Police Department's pursuit policy and created an unreasonable danger to the public.

21. Officer Buck engaged in a high-speed pursuit of the Buick Regal for thirty-four (34) blocks, crossing the border from Gresham into Portland without aborting the pursuit. Officer Buck chased the Buick Regal towards an intersection crowded with cars and people. Officer Buck's actions were negligent, in violation of Gresham Police Department's pursuant policy and created an unreasonable danger to the public.

PAGE 6 – COMPLAINT

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

22. During Officer Buck's pursuit of the Buick, at approximately NE 162nd and NE Glisan, the Buick made a high-speed lane change to avoid striking a car that made a right hand turn from NE 162nd. Despite the reckless nature of the Buick's driving and almost striking a vehicle at NE 162nd, Officer Buck continued his hot pursuit of the Buick westward on NE Glisan towards NE 148th. Officer Buck's actions were negligent, in violation of Gresham Police Department's pursuant policy and created an unreasonable danger to the public.

23. Meanwhile, Jennifer Parise was driving her and her husband, Lauran Parise home from the grocery store in their Blue Toyota Yaris, and were stopped for traffic on the intersection on NE Glisan Street near 148th Avenue in Portland, Oregon.

24. At 6:24 PM, the driver of the Buick Regal lost control of his vehicle and crashed into the rear end of the Parises' car, causing the Parises' car to lift off the road, crash down back onto the road, then spin around in the roadway before stopping facing Eastbound in the north side bike lane of Glisan. The rear of the Parise's Yaris was severely crushed.

25. The impact broke the driver's side seat where Jennifer Parise was seated. Part of the metal of the seat was protruding from under the upholstery on the left side of Jennifer Parise. After the impact Jennifer Parise remained in the driver's seat slumped back and partially behind the passenger seat. A bystander asked if she was ok and she nodded, with her eyes still closed. She had labored breathing.

26. Lauran Parise briefly lost consciousness and suffered from a gash on his forehead and nose.

27. Gresham police officers forced the doors to the Yaris open and cut Jennifer Parise and Lauran Parise out of their seat belts.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

28. The Gresham police officers did not wait for paramedics to arrive at the scene, but wrenched Jennifer Parise by her arms out of the driver's side of the Yaris without stabilizing her. She fell face forward onto the grassy embankment.

29. While on the grassy embankment, the Gresham Police rolled her to her back onto a mega mover and carried Jennifer Parise to the street where she developed agonal breathing. Gresham police moved her to her left side.

30. American Medical Response (herein "AMR") arrived on the scene and examined Jennifer Parise. She was still breathing and had a pulse.

31. AMR transported Jennifer Parise to Legacy Emanuel Hospital. In transit, she lost pulse and the paramedics defibrillated her and administered epinephrine and performed CPR for at lease 10 minutes.

32. When she arrived at the hospital, she was pulseless and the trauma team placed bilateral chest tubes with return of blood as the CPR continued.

33. After 20 minutes of Advanced Cardiac Life Support with no signs of life or improvement, Jennifer Parise was pronounced dead at 7:02 PM, as a result of the physical trauma sustained from the impact of the crash.

34. Lauran Parise was also transported to Legacy. He suffered a broken nose, facial fractures, ligament damage, multiple cuts and contusions and emotional distress from the crash. Lauran Parise was informed of his wife's death while receiving care at the same hospital for his own injuries.

35. Gresham Police Department later determined that the driver of the Buick and his vehicle had not been involved in the recent robberies that had allegedly instigated the attempted

PAGE 8 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

stop in the first place.

36.     Defendants' actions were the proximate cause of the tragic and brutal death of Jennifer Parise and the personal injuries to Lauran Parise.  Plaintiffs seek separate awards of economic damages, non-economic damages, and litigation expenses/costs against all Defendants, as appropriate.  The damages to Plaintiffs exceed the limits of those set by ORS 30.271.

37.     On December 8, 2023, Plaintiffs gave timely notice to Defendants pursuant to ORS 30.275.

### V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (42 USC 1983; 14th Amendment- Equal Protection Clause)

38.     As applicable, Plaintiffs incorporate the above.

39.     Jennifer Parise had a right under the 14th Amendment to a liberty interest in her own personal security prior to her untimely death. Lauran Parise has a right under the 14th Amendment to a liberty interest in his own personal security.

40.     Defendant Buck was acting under color of state law on June 25, 2023, when he engaged in the conduct alleged above.

41.     By his actions alleged above, Defendant Buck exposed the Parises to a known or obvious danger. Defendant Buck knew that the vehicle fleeing his pursuit was traveling at unsafe speeds, flouting traffic laws, and continuing through areas with stopped vehicles and pedestrians, but acted with deliberate indifference to the risks his continued pursuit posed to innocent motorists, including Jennifer Parise and Lauran Parise.

42.     Defendant Buck, by his actions, affirmatively put Jennifer Parise and Lauran

PAGE 9 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

Parise in a position of danger and increased the risk of harm to them.

43. Defendant Buck's actions violated the Parises' Equal Protection rights as guaranteed by the Fourteenth Amendment.

44. Defendant Buck's acts as described herein were the proximate cause of the Parises' injuries and Jennifer Parise's and death. The Parises are entitled to compensation from Defendant Buck for their injuries, including death, physical and mental distress, pain, suffering, fear, panic and trauma in the amount of $17,000,000 or such other sum as the jury may deem reasonable and just to compensate Plaintiffs for the harms and losses that flowed from Defendants actions.

45. The Parises are entitled to reimbursement of their reasonable attorneys' fees and costs pursuant to 42 USC §1988 and 28 USC §1927.

46. The Parises are entitled to an award of punitive damages from Defendant Buck to punish and deter him and others from similar conduct in the future.

## SECOND CLAIM FOR RELIEF
(Wrongful Death- ORS 30.020)

47. As applicable, Plaintiffs incorporate the above.

48. Defendant Buck was acting the course and scope of his employment for the City of Gresham when he intentionally initiated and maintained a hot pursuit down under dangerous circumstances at high risk to the loss of civilian life. As a result of Defendant Buck's wrongful acts or omissions, Jennifer Parise died.

49. As a result of Jennifer Parise's wrongful death, Plaintiffs Lauran Parise and E.P., Plaintiff Lauran Parise's and Decedent Jennifer Parise's minor child, suffered economic harm:

PAGE 10 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

including, but not limited to, funeral costs, time away from work and schooling due to bereavement, and pecuniary loss to Jennifer Parise's estate.

50. As a result of Jennifer Parise's wrongful death, Plaintiffs Lauran Parise and E.P. suffered non-economic harm: including, but not limited to mental distress, pain, suffering, fear, panic and trauma in the amount of $17,000,000 or such other sum as the jury may deem reasonable and just to compensate Plaintiffs for the harms and losses that flowed from Defendants actions.

51. The damages to the Estate resulting from Jennifer Parise's death exceed the liability limits applicable to local public bodies and employee of local public bodies under ORS 30.272.

## THIRD CLAIM FOR RELIEF
### (Negligence- Common Law Claim)

52. As applicable, Plaintiffs incorporate the above.

53. As described above, Defendants were negligent in their actions, including, but not limited to the following:

a) in initiating a high-speed pursuit under circumstances that disregarded the safety of the public;

b) maintaining a high-speed pursuit under circumstances that disregarded the safety of the public;

c) failed to enforce their policy and the law requiring officers to activate and use body cameras; and

d) removed Jennifer Parise from her vehicle without medical personnel, potentially causing additional injury

PAGE 11 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

e) Plaintiffs reserve the right to supplement their specifications of negligence as to Defendants after completion of discovery.

54. A law enforcement officer exercising reasonable care would know, or should know, that a person who has failed to obey the law regarding traffic stops, has attempted to flee a traffic stop, and who evades pursuit by law enforcement in violation of the law is likely to persist in the evasion of pursuit by law enforcement.

55. The subsequent conduct of the third party driver and the risk of additional injury were reasonably foreseeable to Defendants at the time of their acts and/or omissions.

56. As a cause of Defendants' negligent conduct, Plaintiff Lauran Parise and Decedent Jennifer Parise suffered economic harm: including, but not limited to, the cost of medical care and services for injuries sustained in the collision, lost income due to injury, lost wages due to injury, the cost of substitute domestic services necessary due to injury, the cost of repairing or replacing their damaged vehicle and its contents, and the cost of the loss of use of their vehicle and its contents.

57. As a cause of Defendants' negligent conduct, Plaintiffs suffered non-economic harm: including, but not limited to mental distress, pain, suffering, fear, panic and trauma in the amount of $17,000,000 or such other sum as the jury may deem reasonable and just to compensate Plaintiffs for the harms and losses that flowed from Defendants actions.

58. The damages to the Estate resulting from Jennifer Parise's death exceed the liability limits applicable to local public bodies and employee of local public bodies under ORS 30.272.

/////

PAGE 12 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

## FOURTH CLAIM FOR RELIEF
### (Loss of Consortium- Common Law Claim)

59. As applicable, Plaintiffs incorporate the above.

60. As described above, as a result of Defendants' negligence, Plaintiff Lauran Parise sustained damages due to the loss of his spouse: including, but not limited to, loss of love, care, affection, companionship, moral support, comfort, and assistance.

61. As a result of this loss of consortium, Plaintiff Lauran Parise suffered economic harm: including, but not limited to, the monetary support Jennifer Parise provided to their marriage, the cost of substitute domestic services, and the cost of alternate childcare arrangements.

62. As described above, as a result of Defendants' negligence, Plaintiff EP sustained damages due to the loss of his mother: including, but not limited to, loss of parental services, parental guidance, society, and companionship.

63. As a result of this loss of consortium, Plaintiff EP suffered economic harm: including, but not limited to, the monetary support Jennifer Parise provided to his upbringing and the cost of alternate childcare.

64. As a result of this loss of consortium, Plaintiffs Lauran Parise and E.P. suffered non-economic harm: including, but not limited to mental distress, pain, suffering, fear, panic and trauma in the amount of $17,000,000 or such other sum as the jury may deem reasonable and just to compensate Plaintiffs for the harms and losses that flowed from Defendants actions.

**WHEREFORE**, Plaintiffs prays for their costs and disbursements incurred herein and for the following in accordance with the proof at trial:

PAGE 13 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

1. Economic damages;

2. Non-economic damages;

3. Reasonable costs;

4. Prejudgment and post judgment interest as appropriate and allowed by law;

5. Plaintiffs' reasonable attorney fees, costs and disbursements.

6. Any and all other relief as this court may deem proper.

**PLAINTIFFS DEMAND A JURY TRIAL**

DATED this 25th day of September, 2024.   CREIGHTON & ROSE, PC

*s/ Beth Creighton*
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
KRISTIN BELL, OSB #235024
kristin@civilrightspdx.com
Of Attorneys for Plaintiff
SEAN J. RIDDELL, OSB #013943
sjr@seanjriddellpc.com

PAGE 14 – COMPLAINT

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com