UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAURAN PARISE, individually and in
the capacity of personal representative of
the estate of JENNIFER PARISE; and
E.P., JENNIFER PARISE and
LAURAN PARISE'S minor child,

          Plaintiffs,

      v.

THE CITY OF GRESHAM and
GRESHAM POLICE OFFICER
JONATHAN BUCK,

          Defendants.

_____

THE CITY OF GRESHAM and
GRESHAM POLICE OFFICER
JONATHAN BUCK,

          Third-Party Plaintiffs,

      v.

NATHAN FRANKLIN, JR.,

          Third-Party Defendant.

Case No. 3:24-cv-01620-YY

FINDINGS AND
RECOMMENDATIONS

1 – FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Plaintiffs bring suit against defendants City of Gresham and Gresham Police Officer Jonathan Buck, alleging that defendants were "wantonly and recklessly negligent" when Officer Buck engaged in a high-speed pursuit of third-party defendant Nathan Franklin, Jr., causing Franklin's car to collide with a car driven by plaintiff Lauran Parise. First Am. Compl., Third Claim for Relief, ECF 22.[1] Both Lauran and his wife, Jennifer, were injured, and Jennifer died as a result her injuries.

Defendants have raised the affirmative defense of "Proportional Share of Liability," asserting that if they are found liable, any award must be apportioned with Franklin under O.R.S. 31.805. Answer/Third-Party Compl. 9, ECF 26. Defendants also allege a third-party claim against Franklin, asserting that plaintiffs' injuries were caused "through his negligence" when he engaged in acts such as speeding, driving under the influence of intoxicants, and "operating his vehicle in a careless and reckless manner" and "under circumstances manifesting extreme indifference to the value of human life." *Id.* at 10-13.

Pending before the court are plaintiff Lauran Parise's Motion to Strike (ECF 27) and Franklin's Motion to Dismiss (ECF 53). Both motions challenge defendants' affirmative defense of comparative negligence and third-party claim against Franklin. Plaintiff argues defendants are not entitled to assert comparative negligence because Franklin was convicted of manslaughter and felony assault, which involves reckless conduct, and Oregon's comparative fault statute precludes apportionment between negligent and reckless tortfeasors. Franklin similarly contends

---

[1] Plaintiffs also assert claims of equal protection, wrongful death, and loss of consortium. Those claims are not at issue at this time.

that comparative fault cannot be based on reckless conduct. For the reasons discussed below, both motions should be denied.

## I.      Legal Standards for Rule 12(b)(6) and Rule 12(f) Motions

Franklin has asserted a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion tests whether there is a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). To survive a Rule 12(b)(6) motion, "the complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring that a claim for relief "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). The court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, mere legal conclusions couched as factual allegations are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Plaintiff has filed a motion to strike pursuant to Rule 12(f)(2). Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The decision to grant or deny a Rule 12(f) motion to strike is within the court's discretion. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018).

## II.     Discussion

The Oregon Supreme Court has identified four categories of tortious conduct:

> (1) Simple negligence; (2) gross negligence; (3) injury to the
> person of another committed in a 'wanton' manner, meaning the
> doing of an intentional act of an unreasonable character in
> disregard of a risk known to the actor, or so obvious that he must

3 – FINDINGS AND RECOMMENDATIONS

be taken to have been aware of it and so great as to make it highly probable that harm would follow, usually accompanied by a conscious indifference to consequences; and (4) assault and battery where there is an actual intent not only to do an act but to cause personal injury.

*State v. Gutierrez-Medina*, 365 Or. 79, 86-87 (2019) (simplified).

Oregon's contributory negligence statute, O.R.S. 31.600, allows for a proportional allocation of damages but only for negligent conduct. In 1975, the Oregon legislature changed the language in O.R.S. 31.600 from "negligence" to "fault," thereby indicating that it "intended to extend comparative fault to tortious conduct to which contributory negligence was a valid defense at common law." *Shin v. Sunriver Preparatory School*, 199 Or. App. 352, 379 (2005). Under common law, the defense of contributory negligence is unavailable to defendants who commit wanton or intentional acts.[2] *Gutierrez-Medina*, 365 Or. at 87. "That is the line that the legislature carried forward when it created the defense of comparative fault: if the defendant's conduct was at least "'wanton,' comparative fault is no defense."[3] *Id.; see also Miller v. Agripac*, 322 Or. App. 202, 224 (2022) (recognizing that persons who behave wantonly or intentionally "are simply not in the comparison group") (citing *Gutierrez-Medina*, 365 Or. at 87).

Here, defendants allege that Franklin's "negligence" caused plaintiffs' injuries "in one or more of the following particulars":

---

[2] Both wanton and intentional conduct "are the result of intentional action" but distinguishable because "only the latter involves specific intent to injure the plaintiff." *Miller v. Agripac, Inc.*, 322 Or. App. 202, 219 (2022) (quoting *Falls v. Mortensen*, 207 Or. 130, 147 (1956)).

[3] Thus, "in a negligence action, a defendant who committed simple or gross negligence can use the defense of comparative fault against a negligent plaintiff[.]"*Miller*, 322 Or. App. at 214 (2022). "The most difficult distinction, but one which frequently must be made, is that between gross negligence and wanton misconduct." *Falls*, 207 Or. at 144. Gross negligence is "characterized . . . as great negligence, 'a degree of negligence materially greater than that which would constitute ordinary negligence.'" *Id.* (citation omitted).

4 – FINDINGS AND RECOMMENDATIONS

> (1) driving at an excessive rate of speed, failing to maintain a proper lookout, failing to maintain his vehicle in the proper lane of travel, attempting to pass another vehicle in an unsafe manner, and operating his vehicle while under the influence of intoxicants.
>
> (2) "driving in a careless or reckless manner," and
>
> (3) "[u]nder circumstances manifesting extreme indifference to the value of human life, [he] caused the death of Jennier Parise in violation of O.R.S. 163.118," i.e., first degree manslaughter, and "serious physical injury to Lauran Parise . . . in violation of O.R.S. 163.175(2)," i.e., second degree assault.

Answer/Third-Party Compl. 11, ECF 26.

In state court criminal proceedings, Franklin pleaded guilty to manslaughter in the second degree, assault in the second degree, assault in the third degree (two counts), and driving under the influence of intoxicants, and was convicted of those offenses. Pl. Reply, Ex. 1, ECF 57-1. His felony convictions for manslaughter and felony assault are based on his admissions of reckless conduct.[4] Pl. Reply, Ex. 2, ECF 57-2.

---

[4] Franklin was convicted under the following statutes, which provide in pertinent part:

> Manslaughter in the second degree, O.R.S. 163.125:
>
> > Criminal homicide constitutes manslaughter in the second degree when:
> > **(a)** It is committed recklessly[.]
>
> Assault in the second degree, O.R.S. 163.175:
>
> > A person commits the crime of assault in the second degree if the person:
> > . . .
> > **(c)** Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.
>
> Assault in the third degree, O.R.S. 163.165(1)(a):

5 – FINDINGS AND RECOMMENDATIONS

Plaintiff argues that defendants' comparative negligence defense should be stricken because, as a matter of law, "Manslaughter I and Assault II are not negligence." Pl. Reply 2, ECF 37. Franklin similarly argues that "[b]ecause defendants have pleaded that [his] conduct underlying their theory of comparative fault in this case was reckless and illegal, defendants cannot avail themselves of a contributory negligence theory of liability against [him] under Oregon law." Franklin Mot. Dismiss 3, ECF 53. Defendants counter that their third-party complaint alleges "13 alternative theories of liability" and that, of those, only four theories "arguably alleged reckless conduct," while the rest allege negligence.[5] Resp. Mot. Dismiss 4, ECF 54. Given the various theories alleged, defendants argue, Franklin's "mental state when he crashed into [p]laintiff is a question of fact for the jury" or at the very least summary judgment after discovery has been completed. *Id.* at 2, 5. Alternatively, defendants contend that if the motions are granted, they can "simply file an amended third-party complaint that omits the four aforementioned" allegations of reckless conduct. *Id.* at 4.

The pending motions are most appropriately examined through the doctrine of issue preclusion. Federal courts look to state law in determining whether issue preclusion applies to a

---

> A person commits the crime of assault in the third degree if the person:
> **(a)** Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon[.]

*See* Pl. Reply, Ex. 1, ECF 57-1 (judgment). The plea petition describes the dangerous weapon as a motor vehicle. *Id.*, Ex. 2, ECF 57-2.

[5] Defendants point to the following four subsections that "arguably allege[] reckless conduct": (c) "[i]n driving in a careless and reckless manner"; (h) "[i]n operating his vehicle in a careless and reckless manner in violation of ORS 811.135 and 811.140"; (l) "[u]nder circumstances manifesting extreme indifference to the value of human life, [Franklin] caused the death of Jennifer Parise in violation of ORS 163.118"; and (m) "[u]nder circumstances manifesting an extreme indifference to the value of human life, [Franklin] caused serious physical injury to Lauran Parise by means of a dangerous and deadly weapon, to wit: a motor vehicle in violation of ORS 163.175(2)." Resp. Mot. Dismiss 4, ECF 54.

6 – FINDINGS AND RECOMMENDATIONS

prior state court judgment. 28 U.S.C. § 1738; *Hardwick v. County of Orange*, 980 F.3d 733 (9th Cir. 2020). In *Nelson v. Emerald People's Util. Dist.*, the Oregon Supreme Court identified "five requirements," which if satisfied, "may preclude relitigation of the issue in another proceeding":

    (1)    "the issue in the two proceedings is identical";

    (2)    "the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding";

    (3)    "the party sought to be precluded has had a full and fair opportunity to be heard on that issue";

    (4)    "the party sought to be precluded was a party or was in privity with a party to the prior proceeding"; and

    (5)    "the prior proceeding was the type of proceeding to which this court will give preclusive effect."

318 Or. 99, 104 (1993). The party asserting issue preclusion bears the burden of establishing the first, second, and fourth factors. *Barachman v. Anderson*, 214 Or. App. 660, 667 (2007). Thereafter, the burden shifts to the party opposing issue preclusion to negate the third and fifth factors.[6] *Id.*

Under Oregon law, "a criminal conviction following a full adjudication can have preclusive effect in a later civil proceeding." *State Farm Fire & Cas. Co. v. Sallak*, 140 Or. App. 89, 92 (1996); *see also Casey v. Nw. Sec. Ins. Co.*, 260 Or. 485, 491 (1971) (holding that "any issue necessarily decided in a prior criminal proceeding is conclusively determined as to the parties if it is involved in a subsequent civil action" because there are "rigorous safeguards

---

[6] "Even where [all five *Nelson*] elements are met, the court must also consider the fairness under all the circumstances of precluding a party." *City of Portland v. Huffman*, 264 Or. App. 312, 316 (2014) (simplified) (citation omitted). "If the circumstances are such that . . . confidence in the integrity of the determination is severely undermined, or that the result would likely be different in a second trial, it would work an injustice to deny the litigant another chance." *State Farm Fire and Casualty Co. v. Century Home Components, Inc.*, 275 Or. 97, 108 (1976). Because all five *Nelson* factors have not been met here, it is unnecessary to reach this stage of the analysis.

against unjust conviction"). In *Sallak*, an insurance company sought a declaratory judgment that it had no obligation to defend or indemnify the defendant, its insured, in a personal injury action filed by a police officer who claimed the defendant had injured him during an arrest. The Oregon Court of Appeals applied the *Nelson* factors to uphold summary judgment in the insurer's favor, finding the defendant's criminal convictions for assaulting a public safety officer and resisting arrest "preclude[d] any decision other than [his] act was intentional[.]" 140 Or. App. at 91. First, the court found "[t]he issue in the criminal case and in this declaratory judgment proceeding are identical: [w]hether [the defendant] knowingly or intentionally caused [the officer's] injuries." *Id.* at 93. Second, the issue was "actually litigated"; the defendant's guilty plea was "an admission of the ultimate facts that are the material elements of the crime charged in the indictment," and there are multiple safeguards surrounding the entry of a guilty plea. *Id.* at 93-94. Third, because the defendant knowingly and voluntarily waived his right to a trial by jury and pleaded guilty, he had a full and fair opportunity to be heard. *Id.* at 93. Fourth, although the officer who brought the civil suit did not participate in the criminal proceeding, he was the named victim in the assault charge and "was in privity with" the defendant. *Id.* Lastly, the court held that "a proceeding that concludes in a judicial judgment unquestionably satisfies the final requirement of issue preclusion" that the prior proceeding is the type of proceeding to which the court will give preclusive effect. *Id.* at 94.

Here, for purposes of the pending motions, the court assumes that the first and second *Nelson* factors have been met. The Oregon Supreme Court's decision in *State v. Gutierrez-Medina* is instructive on these two factors. There, the defendant, like Franklin, pleaded guilty to assault in the third degree, admitting that he "recklessly caused serious physical injury to [the victim] by means of a motor vehicle, a dangerous weapon, which [he] drove on a public road

8 – FINDINGS AND RECOMMENDATIONS

under the influence of intoxicants." 365 Or. at 88. In rejecting the defendant's argument that restitution should be reduced due to the victim's contributory negligence, the Oregon Supreme Court observed that the defendant's "admission establishes a degree of culpability that, in a hypothetical civil action, would fall within the category of 'wanton misconduct,' for which the injured person's negligence provides no defense."[7] *Id.* at 88. The court noted that, while "the alignment between the criminal culpability and the classifications of civil fault is not seamless, . . . a conviction for third-degree assault necessarily establishes a degree of culpability that is at least as great as the degree of culpability that satisfies the threshold for civil 'wanton' conduct." *Id.* at 92–93.

The fourth factor—whether "the party sought to be precluded, was a party or was in privity with a party to the prior proceeding"—requires a determination of who "the party sought to be precluded" is. Plaintiff argues that this is Franklin, "as his mental state has already been conclusively determined, and he can no longer argue he was merely negligent in the actions alleged in Defendants' Third Party Complaint." Pl. Reply 5, ECF 37. Plaintiff contends that while "[t]hat may have incidental effects on Defendants (the determinative removal of [Franklin] from the apportionment of fault scheme for negligent Defendants), but this is fundamentally an estoppel against [Franklin], not Defendants, as it has conclusively determined his culpable mental state, not Defendants'." *Id.*

But Franklin is not the only party sought to be precluded, or estopped, from litigating Franklin's mental state—defendants are too. In discussing the fourth factor, the *Nelson* court

---

[7] The defendant struck a pedestrian "who had walked onto the road in a dark area that was not parked for pedestrian crossing" and "offered evidence that the victim's own negligence was the primary cause of the collision and urged the trial court to apply the civil doctrine of comparative fault to reduce the requested restitution" of $155,000 for the victim's medical expenses. 365 Or. at 81.

9 – FINDINGS AND RECOMMENDATIONS

cited *State Farm Fire & Cas. v. Reuter,* 299 Or. 155, 159 (1985). There, after Reuter was

convicted of sexually assaulting the victim, the victim brought a civil action against Reuter, and

Reuter's insurer filed a declaratory judgment action against both Reuter and the victim. *Id.* at

158. The court held that Reuter was estopped from relitigating the issue because his "conviction

'conclusively established' that the injury was 'knowingly' committed." *Id.* at 163. The victim

was also estopped because she was in "privity" with Reuter, due to her status as a claimant and

potential judgment creditor, thereby binding her to the findings of Reuter's prior criminal case.

*Id.* at 164. This case illustrates that when the Oregon Supreme Court references "the party sought

to be precluded," this encompasses any party that is being estopped from relitigating an issue

adjudicated in an earlier proceeding.

Having determined that defendants are "a party sought to be precluded," the next

question is whether they were a party to the underlying criminal litigation or in privity with it.

Defendants, who are the City of Gresham and a Gresham police officer, were not a party to

Franklin's criminal case. Nor were defendants in privity with Franklin or the State of Oregon that

prosecuted him.

"The Oregon Supreme Court has explained that privity attaches to persons who are not

parties to an action but who are connected with it in [that] their interests are affected by the

judgment with reference to interests involved in the action, as if they were parties." *Thomas v.

U.S. Bank Nat. Ass'n*, 244 Or. App. 457, 473 (2011) (simplified) (citing *Wolff v. Du Puis,* 233

Or. 317, 322 (1963), *overruled in part by Bahler v. Fletcher,* 257 Or. 1 (1970)). "The word

'privity' includes those who control an action although not parties to it; those whose interests are

represented by a party to the action; and successors in interest to those having derivative claims."

*Wolff,* 233 Or. at 322 (citing Restatement, Judgments 389, § 83).

10 – FINDINGS AND RECOMMENDATIONS

Privity is "a word used to say that the relationship between the one who is a party on the record and another is close enough to include the other within the res judicata." *Wolff*, 233 Or. at 321. The "relationship is 'close enough' for purposes of preventing the third party from pursuing claims in a second trial 'only when it is realistic to say that the third party was fully protected in the first trial.'" *Bloomfield v. Weakland*, 339 Or. 504, 511 (2005) (quoting *Wolff*, 233 Or. at 322).

"[P]rivity will not be found for purposes of issue preclusion 'unless the result can be defended on principles of fundamental fairness in the due-process sense.'" *Thomas*, 244 Or. App. at 473 (quoting *Wolff*, 233 Or. at 322). "Consequently, a third party will be precluded from litigating an issue in a subsequent proceeding 'only when it is realistic to say that the third party was fully protected in the first trial.'" *Thomas*, 244 Or. App. at 473 (quoting *Wolff,* 233 Or. at 322); *see also Bahler*, 257 Or. 1, 5 (1970), *holding modified on other grounds by Schroeder v. Schaefer*, 258 Or. 444 (1971)) (observing that "due process prevents a third party from being bound by the results of that litigation because he did not have his day in court"); *Weaver v. Oregon Dep't of Corr.*, No. 3:23-CV-00402-AR, 2025 WL 1684257, at *5 (D. Or. June 16, 2025) ("The purpose of the 'party or in privity with a party' requirement is to ensure that the party being estopped was 'adequately protected in the first trial and therefore received due process.'") (quoting *Stevens v. Horton*, 161 Or. App. 454, 461-62 (1999)). "When applying privity to bind nonparties, courts are concerned 'about the fairness of binding a person to a judgment rendered in an earlier case in which [the person] was not a party.'" *Id.* (quoting *Bloomfield*, 339 Or. at 511).

In *Davis v. Eide*, the Ninth Circuit found no privity existed for purposes of issue preclusion between a plaintiff and the officers who had arrested him. 439 F.2d 1077, 1078 (9th Cir. 1971). After criminal charges against him were dismissed, the plaintiff sued the arresting

11 – FINDINGS AND RECOMMENDATIONS

officers for civil rights violations and argued the police officers were estopped from relitigating issues that had been decided in his criminal proceedings. *Id.* The Ninth Circuit rejected that argument, holding the police officers were not in privity "sufficient to invoke the doctrine of collateral estoppel" where they "were city police officers not directly employed by the state; they had no measure of control whatsoever over the criminal proceeding and no direct individual personal interest in its outcome." *Id.*

Although *Davis* was decided before the Supreme Court held that federal courts must look to state law to determine preclusive effect, "its reasoning remains sound." *Knowles v. City of Benicia*, 785 F. Supp. 2d 936, 944 (E.D. Cal. 2011). In fact, "federal courts applying state law have overwhelmingly concluded 'that privity does not exist between law enforcement officers and the criminal prosecution.'" *Duncan v. City of San Diego*, 401 F. Supp. 3d 1016, 1029 (S.D. Cal. 2019) (quoting *Willis v. Mullins*, CIVF046542AWILJO, 2005 WL 3500771, at *9 (E.D. Cal. Dec. 16, 2005) (citing *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1106 (10th Cir. 1998) (finding "[t]he officers are being sued in their individual capacity in this action and their personal interests, which were not at stake in the criminal proceeding, differ from" the state's interests); *Tierney v. Davidson*, 133 F.3d 189, 195 (2d Cir. 1998) (finding the officer who arrested the plaintiff was not in privity with the state that prosecuted her); *Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995) (finding the officers who arrested the plaintiff were not in privity with the state that prosecuted him); *Smith v. Holtz*, 30 F. Supp. 2d 468, 477 (M.D. Pa. 1998) (finding no privity, observing "[p]olicemen do not have any control over state prosecutors as to the conduct of criminal proceedings, and prosecutors represent the people of a state or county generally, not individual officials who may be subject to liability for damages at a later time")); *see also Hardesty v. Hamburg Twp.*, 461 F.3d 646, 651 (6th Cir. 2006) (observing "police officer

12 – FINDINGS AND RECOMMENDATIONS

defendants in a § 1983 case are not in privity with the prosecution of a related criminal case and do not have a personal stake in the outcome of the criminal case"); *Hornsby v. Cnty. of Tulare*, No. 14-cv-01236 EPG, 2016 WL 2854361, at *5 (E.D. Cal. May 16, 2016) (holding no privity existed between state prosecutors and the defendant officers who did not participate in litigating the issues, were not witnesses in the state proceedings, and did not have the same stake in the outcome); *Adams v. Nocon*, No. CIV. S–07–02083 FCD EFB, 2009 WL 799278, at *4 (E.D. Cal. March 23, 2009) (citing *Davis* with approval and noting further "the fact that the individual officers do not have counsel in connection with the criminal case" indicated lack of privity); *Saunders v. Knight*, No. CV F 04-5924 LJO WMW, 2007 WL 3482047, at *9 (E.D. Cal. Nov. 13, 2007) ("Defendants exercised no measure of control over the criminal action and lacked a personal interest in it. Defendants did not appear as parties or witnesses in the criminal action. The criminal action's preliminary hearing rulings are not entitled to preclusive effect here."); *Sanders v. City of Bakersfield*, No. CIV-F04-5541 AWI TAG, 2005 WL 6267361, at *12–14 (E.D. Cal. Sept. 30, 2005) (finding no privity because individual police officers did not share sufficient community interest with the criminal prosecution and their financial interests were not represented in the criminal prosecution); *City of New York v. Pollock*, No. 03-CIV-0253-PAC, 2006 WL 522462, at *15 (S.D.N.Y. Mar. 3, 2006) (finding no privity between the city and the state because, although the city had an interest in the outcome of the state criminal proceedings, it exercised "no measure of control whatsoever over the criminal proceedings"); *Elfar v. Twp. of Holmdel*, No. CV-225367-RKJBD, 2023 WL 4366293, at *5 (D. N.J. July 6, 2023), *aff'd*, No. 24-1353, 2025 WL 671112 (3d Cir. Mar. 3, 2025) (finding no privity between the state and a township because there was no "identification of interest" between the two parties).

13 – FINDINGS AND RECOMMENDATIONS

Here, too, defendants, who are a municipality and city police officer, are not in privity with the State of Oregon that prosecuted Franklin. Nor can it be said that defendants' relationship with Franklin was "close enough" that they are in privity with Franklin for purposes of issue preclusion. Defendants did not control Franklin's actions in the criminal proceeding and their interests were not represented by Franklin.

For much the same reasons, the third factor of the *Nelson* test has not been established; defendants, as "the party sought to be precluded," have not "had a full and fair opportunity to be heard" on the issue of Franklin's mental state. "Under Oregon law, a full and fair opportunity to litigate the issues presented exists where there is a 'full evidentiary hearing,' including representation by counsel, witnesses provide sworn testimony and are cross-examined, a record is made, and the decision is subject to review." *Weaver*, 2025 WL 1684257 at *5. "The parties must have the opportunity and incentive to contest the issues." *Id.*; *see also State v. Ratliff,* 304 Or. 254, 258-59 (1987) (finding the state was not precluded from relitigating the validity of the defendant's stop and arrest although an earlier Department of Motor Vehicles administrative hearing had found them to be invalid; because the DMV "as a matter of policy does not actively participate in certain species of proceedings, there is less reason to hold that the agency or those that may be in privity with it are bound by the resolution of issues at those proceedings"); *Knowles*, 785 F. Supp. 2d at 944 (finding "the fact that individual officers d[id] not have counsel in connection with an underlying criminal case is 'critical' to the determination of whether they had a 'full and fair opportunity' to litigate the issue") (citing *Yezek v. Mitchell,* No. C–05–03461, 2007 WL 61887, at *5 (N.D. Cal. Jan. 8, 2007)). None of these protections exist for defendants here. *See Bahler*, 257 Or. at 5 (1970) (observing that due process protections "prevent a third

14 – FINDINGS AND RECOMMENDATIONS

party from being bound by the results of that litigation because he did not have his day in court").

Franklin urges the court to grant his motion to dismiss based on the Oregon Court of Appeals' decision in *Shin*. Franklin Mot. Dismiss, ECF 53. In that case, the plaintiff alleged that the defendant, a preparatory boarding school, negligently failed to supervise her while her father was visiting and sexually assaulted her. The school filed a third-party complaint against the plaintiff's father and, at trial, asked the court to give the jury an instruction on comparative fault pursuant to O.R.S. 31.600, which the court declined to do. The Oregon Court of Appeals held that the trial court did not err because "O.R.S. 31.600 does not require a fault comparison between negligent and intentional tortfeasors." 190 Or. App. at 372. Notably, in *Shin*, the issue arose during trial, after the evidence was presented. Here, Franklin's motion to dismiss challenges the allegations in defendants' pleadings, and as explained above, defendants have not had a full and fair opportunity to be heard on the issue of Franklin's mental state. Therefore, the Oregon Court of Appeals' decision in *Shin* is not dispositive in and of itself.

Finally, in their Third-Party Complaint, defendants allege, somewhat curiously, that Franklin was not only negligent but also acted recklessly. Answer/Third-Party Compl. 11, ECF 26. Arguably, this runs counter to defendants' contributory negligence defense because the defense is unavailable for wanton or reckless conduct. However, the issue of contributory negligence revolves around Franklin's criminal actions, and Oregon criminal law provides that, "[i]f the definition of an offense prescribes criminal negligence as the culpable mental state, it is also established if a person acts intentionally, knowingly or recklessly." O.R.S. 161.115. Otherwise stated, under Oregon criminal law, one who has acted recklessly has acted with criminal negligence. Thus, when defendants' pleadings are broadly construed, as they must be,

15 – FINDINGS AND RECOMMENDATIONS

defendants have alleged that Franklin acted negligently. *See Jama Const. v. City of Los Angeles*, 938 F.2d 1045, 1047 n.1 (9th Cir. 1991) ("On a motion to dismiss, a complaint must be read broadly 'to determine if the allegations provide for relief on any possible theory.'") (citation omitted). Moreover, leaving allegations of reckless conduct in the Third-Party Complaint does not prejudice either plaintiffs or Franklin in that they are still free to assert, during future proceedings in this case, that the defense of contributory negligence does not apply.

## RECOMMENDATIONS

Plaintiff Lauran Parise's Motion to Strike (ECF 27) and third-party defendant Nathan Franklin, Jr.'s Motion to Dismiss (ECF 53) should be denied.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, May 11, 2026. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 27, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

16 – FINDINGS AND RECOMMENDATIONS