BETH CREIGHTON, OSB #972440
E-mail: *beth@civilrightspdx.com*
KRISTIN R. BELL, OSB #235024
E-mail: *kristin@civilrightspdx.com*
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204
Phone:   (503) 221-1792
Fax:      (503) 223-1516

Of Attorneys for Plaintiffs

SEAN J. RIDDELL, OSB #013943
E-mail: *sjr@seanjriddellpc.com*
2905 NE Broadway St.
Portland, OR 97232
Phone: (971) 219-8453

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAURAN PARISE, individually and in the capacity of personal representative of the estate of JENNIFER PARISE; and E.P., JENNIFER PARISE and LAURAN PARISE'S minor child,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF GRESHAM, GRESHAM POLICE OFFICER and JONATHAN BUCK,<br><br>        Defendants/ Third-Party Plaintiffs,<br><br>        v.<br><br>NATHAN FRANKLIN, JR.<br><br>        Third-Party Defendant. | Civil Case No. 3:24-cv-01620-YY<br><br><br>**PLAINTIFF LAURAN PARISE'S OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS** |

**CREIGHTON**  | ATTORNEYS
*&* **ROSE, PC** | AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 1- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

**OBJECTIONS**

**1. Any attempt by Defendants to amend their pleadings would be futile because Defendants are precluded from re-litigating Franklin Jr.'s mental state.**

Defendants' current Answer and Third-Party Complaint acts as a judicial admission as to Nathan Franklin Jr.'s criminal liability regarding the acts in question, and thus Defendants are bound by this admission. Defendants have affirmatively plead that Nathan Franklin Jr. caused Plaintiffs' damages "[i]n operating his vehicle in a careless and reckless manner in violation of ORS 811.135 and 811.140[,]" "[u]nder circumstances manifesting extreme indifference to the value of human life, [...] caused the death of Jennifer Parise in violation of ORS 163.118[,]" and "[u]nder circumstances manifesting an extreme indifference to the value of human life, [...] caused serious physical injury to Lauran Parise by means of a dangerous and deadly weapon, to wit: a motor vehicle in violation of ORS 163.175(2)." (*See* DKT 26, Defs' Third Party Complaint, pg. 11, paragraphs 2(h), 2(1), and 2(m)).[1] Defendants have not moved to amend their Answer in the ten months Plaintiff's Motion to Strike has been pending, and as such, their judicial admissions are operative and binding. The Findings and Recommendations in this case seem to accept Defendants' position, that "if the motions are granted, they can 'simply file an amended third-party complaint that omits the four aforementioned' allegations of reckless conduct." Findings and Recommendations, pg. 6. However, "[a] statement in a complaint, answer or pretrial order is a judicial admission, as is a

---

[1]The only contention that these criminal acts by Nathan Franklin Jr. constituted "simple negligence" is a conclusory statement by Defendants, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 US 265, 286, 106 S Ct 2932, 2944, 92 LEd2d 209, 232 (1986).

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

failure in an answer to deny an allegation." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F2d 224, 226 (9th Cir 1988). "Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *Id* (internal quotations omitted). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id* (internal quotations omitted). While FRCP 15 does contemplate that these admissions can be amended, to amend a judicial admission the party seeking amendment has to explain the error. *See Sicor Ltd. v. Cetus Corp.*, 51 F3d 848, 859-60 (9th Cir 1995). The court is not obligated to accept a moving party's changed admissions without a credible explanation for the error, and may disregard them. *See O'Connor v. Boeing N. Am., Inc.*, 92 F. Supp. 2d 1026, 1040 (C.D. Cal.), *modified on reconsideration*, 114 F. Supp. 2d 949 (C.D. Cal. 2000), *aff'd in part, rev'd in part*, 311 F.3d 1139 (9th Cir. 2002) (internal quotation marks omitted). This is also true when a moving party has not actually yet moved to amend the Complaint. *See Valdiviezo v. Phelps Dodge Hidalgo Smelter*, 995 F Supp 1060, 1065-66 (D Ariz 1997). (Ruling that a party who had not moved to amend her judicial admissions was bound by them, including because "the court does not find credible [the party's] claim that her judicial admissions were made in error. It would seem that [the party] has withdrawn her admissions, not because she believes they are in error, but rather as a stratagem[.]") Defendants will not be able to credibly argue that their judicial admissions were made "in error" because it has already been factually determined that Nathan Franklin Jr.'s culpable mental state during the events at issue was greater than negligence (*See* Judgment, *State of Oregon vs Nathan Franklin Jr.*, Case No. 23CR30029 (DKT 57-1)) and any attempts to change that admission now would be mere "strategem."

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 3- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

Even if Defendants were allowed to amend their answer, that will not cure the inherent defect in Defendants' pleading. Namely, Nathan Franklin Jr. has already been found guilty of Manslaughter II and Assault II based on his conduct in the incident at issue. *See* Judgment, *State of Oregon vs Nathan Franklin Jr.*, Case No. 23CR30029 (DKT 57-1). "[F]ederal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (internal quotation omitted).

"Issue preclusion [...] bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 US 880, 892, 128 S Ct 2161, 2171, 171 LEd2d 155, 168 (2008) (internal quotations omitted). Nathan Franklin Jr.'s state of mind was already determined an essential part of the determination of his guilt in the judgment, and this is necessarily a greater degree of culpability than simple negligence. *See State v. Gutierrez-Medina,* 365 Or 79, 92, 442 P3d 183, 190 (2019), *see also* ORS 163.175 (delineating the necessary mental states for a finding of Assault II, either "intentional" or "wanton."), *see also State v. Rutley*, 343 Ore. 368, 373, 171 P3d 361 (2007). ("In Oregon, criminal liability generally requires an act that is combined with a particular mental state.")

> "Under the doctrine of issue preclusion, [i]f one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met: (1) [t]he issue in the two proceedings is identical; (2) [t]he issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) [t]he party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) [t]he party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) [t]he prior proceeding was the type of proceeding to which this court will give preclusive effect."

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 4- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

*Berg v. Benton*, 297 Or App 323, 327, 443 P3d 714, 717 (2019), (internal quotations omitted.), *citing Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 105, 862 P2d 1293, 1297 (1993)

These standards are typically called the "*Nelson* factors" after *Nelson v. Emerald People's Util. Dist.*, 318 Or 99, 105, 862 P2d 1293, 1297 (1993), which established the issue preclusion test. The party asserting preclusion has the burden of establishing the first, second, and fourth *Nelson* factors. *Barackman v. Anderson*, 214 Or App 660, 667, 167 P3d 994, 999 (2007).

In the prior criminal proceeding, the relevant question was Nathan Franklin Jr.'s mental state when he crashed his car into the Parise's car, killing Jennifer Parise. Nathan Franklin Jr.'s mental state was conclusively determined when Nathan Franklin Jr. was found guilty of multiple charges, including Manslaughter in the Second Degree (DKT 57-1 pg 1 of 10) and Assault in the Second Degree (DKT 57-1 pg 3 of 10). This conviction was based on Nathan Franklin Jr.'s admissions, that he had committed all the elements of the crimes charged. (*See* DKT 57-2, Section 11, pg 2 of 9)

> ("I plead Guilty because, in Multnomah County, Oregon, I did the following: on or about June 25, 2023, [...] I recklessly caused the death of another person while driving a motor vehicle under the influence of intoxicants[,] [...] I recklessly, under circumstances manifesting extreme indifference to the value of human life caused serious physical injury to another person by means of a motor vehicle, a dangerous weapon, while driving a motor vehicle under the influence of intoxicants[,] [...] I recklessly caused serious physical injury to another person by means of a motor vehicle, a dangerous weapon[,] [...] I recklessly caused serious physical injury to another person by means of a motor vehicle a dangerous weapon[,] [...] I drove a motor vehicle upon a public highway or premises open to the public while under the influence of intoxicants [.]"

Pursuant to ORS 163.175(1):

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

"A person commits the crime of assault in the second degree if the person:
(a) Intentionally or knowingly causes serious physical injury to another;
(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or
( c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."

Nathan Franklin Jr.'s culpable mental state when his car collided with the Parises in the criminal case is identical to Nathan Franklin Jr.'s mental state when his car collided with the Parises in the civil case herein, satisfying the first *Nelson* factor. Further, the criminal proceeding necessarily already established that Nathan Franklin Jr. acted "intentionally, knowingly, or recklessly" when he crashed his car into the Parise's car. Under Oregon law, simple negligence is distinct from "intentional," "wanton," or "reckless" conduct. *See Miller v. Agripac, Inc.,* 322 Or App 202,214, 518 P3d 957, 964 (2022).  Additionally, a guilty plea accepted by the court and made a final judgment is a "final judgment on the merits." *See State Farm Fire & Cas. Co. v. Sallak,* 140 Or App 89, 94, 914 P2d 697, 700 (1996). *See also United States v.Bejar-Matrecios,* 618 F.2d 81, 83 (9th Cir 1980) ("the doctrine of [issue preclusion] applies equally whether the previous criminal conviction was based on a jury verdict or a guilty plea.") This satisfies the Second *Nelson* factor, that the issue was actually litigated and was essential to a final decision on the merits.

That leaves the fourth *Nelson* factor, "privity." "Privity is essentially a conclusory term that describes the relationship between a party and a non-party that is deemed close enough to warrant the application of claim or issue preclusion to the non-party." *Ditton v. Bowerman*, 117

**CREIGHTON & ROSE, PC** | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 6- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

Or App 483, 487, 844 P2d 919, 922 (1992). Privity is a "chameleon-like term" that is largely defined by what relationships it includes, such as "being a party or equivalent participant in the litigation, or from having a legal relationship that is derivative from one who was a party, *or in being so situated that his own rights or obligations are conditioned in one way or another by a judgment involving another person.*" *State Farm Fire & Cas. Co. v. Reuter*, 299 Or 155, 162, 700 P2d 236, 240 (1985), *quoting* Restatement (Second) Judgments 344 (1982)(emphasis added).[2]

The Findings and Recommendations conclude that Defendants were not "in privity" with a party to the earlier criminal proceeding against Nathan Franklin Jr. which established Nathan Franklin Jr.'s relevant mental state, and thus Defendants are permitted to re-litigate the issue of Nathan Franklin Jr.'s mental state in this proceeding, (*see* Findings and Recommendations, pg. 10). While the Findings and Recommendations cite and even summarize the relevant caselaw on privity in the instant case, *State Farm Fire & Cas. Co. v. Reuter*, 299 Or 155, 162, 700 P2d 236, 240 (1985) (*Id*) it does not properly apply its holdings to the instant facts. In *Reuter*, the Oregon Supreme Court held that a criminal defendant who had been found guilty of an intentional act was barred from later re-litigating the issue of his mental state during a subsequent civil proceeding. The Court further ruled that the Plaintiff in that civil proceeding, the victim of the

---

[2] (The court's Findings and Recommendations in this matter cite to an older Oregon case, *Wolff v. Du Puis,* 233 Or. 317, 322 (1963), for a more limited definition of privity, which in turn cites the Restatement of the Law of Judgments from 1942, not the Restatement (Second) Judgments of 1982). (*see* Findings and Recommendations, pg. 10)

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 7- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

crime, was also barred from re-litigating the issue of the same defendant's mental state in the subsequent civil proceeding, *even though she was not a party to the criminal proceeding* because she was in "privity" with her assailant for the purposes of the criminal proceeding "[b]ecause of her legal relationship to Reuter -- a relationship which arises from her status as a claimant and potential judgment creditor of Reuter." *State Farm Fire & Cas. Co. v. Reuter,* 299 Or 155, 164, 700 P2d 236, 241 (1985). Similarly, in the instant case, Defendants have asserted a Third-Party Complaint against Nathan Franklin Jr. A third-party complaint is "a complaint filed by the defendant against a third party, alleging that the third party may be liable for some or all of the damages that the plaintiff is trying to recover from the defendant." Black's Law Dictionary, Abridged Seventh Addition. As such, Defendants' claims are derivative of Plaintiffs' claims. Defendants are essentially raising a claim on Plaintiffs' behalf, wherein Defendants' rights are "no greater than those of" (*Id*) Plaintiffs' in what arguments they are precluded from making. Plaintiffs were in privity with Nathan Franklin Jr. for the purposes of the criminal proceeding "a claimant and potential judgment creditor of" Nathan Franklin Jr., and thus Plaintiff is now barred from re-litigating the issue of Nathan Franklin Jr.'s relevant mental state, as are Defendants, who only stand in Plaintiffs' shoes for the purpose of their third-party claim.

Defendants' assertions regarding proportional shares of tortfeasors (ORS 31.805) are similarly preempted. See Answer, 3rd Affirmative Defense, *See also* Third-Party Complaint, paragraph 3. In the case of a contribution action brought pursuant to ORS 31.805, Defendants, not Plaintiffs, are the "claimant and potential judgment creditor of" Nathan Franklin Jr., as he

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 8- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

would be liable to them for contribution regarding his proportionate share of liability in a negligence action, however, the very existence of this relationship bars Defendants from re-litigating the issue of negligence, as they were definitionally in privity with Nathan Franklin Jr., and are thus bound by the facts determined in Nathan Franklin Jr.'s criminal conviction. That is because "[s]tatus, not control, is the determinative factor when the claim is by a successor in interest." *State Farm Fire & Cas. Co. v. Reuter*, 299 Or 155, 167, 700 P2d 236, 243 (1985), and both Plaintiffs and Defendants are successors in interest to Nathan Franklin Jr.'s criminal conviction by virtue of their status as claimants and potential judgement creditors.

The Findings and Recommendations of this case provide a string of citations for the proposition that "federal courts applying state law have overwhelmingly concluded 'that privity does not exist between law enforcement officers and the criminal prosecution.' *Duncan v. City of San Diego*, 401 F. Supp. 3d 1016, 1029 (S.D. Cal. 2019)." Finding and Recommendations pg. 12. However, this is not a case where a criminal defendant is suing the police. It is a case where the police injured a third party, and the third party has made a claim against the police; and the police seek contribution from a criminal defendant for any damages for which they are found liable. Plaintiffs have shown that the Defendants in the instant case were in privity with *the criminal defendant*, and thus cases about privity between law enforcement officers and the criminal prosecution are not relevant.

The Findings and Recommendations actually cite a more applicable case elsewhere, *State Farm Fire & Cas. Co. v. Sallak*, 140 Or App 89, 91, 914 P2d 697, 698 (1996). *Sallak* was:

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 9- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

"a personal injury action filed by a police officer who claimed the defendant had injured him during an arrest. The Oregon Court of Appeals applied the *Nelson* factors [...] finding the defendant's criminal convictions for assaulting a public safety officer and resisting arrest 'preclude[d] any decision other than [his] act was intentional[.]' 140 Or. App. at 91." Findings and Recommendations, pg. 8.

The police officer in *Sallak* was found to be properly barred from re-litigating the issue of the criminal defendant's culpable mental state, not because he was in privity with the state's prosecution, but because he was in privity with the criminal defendant. Sallak in turn cites Reuter to establish that the police officer was in privity with the criminal defendant because of the derivative nature of the claim, just as Plaintiffs have done herein. A police officer can be in privity with a criminal defendant, and the string cites in the Findings and Recommendations do not establish a contrary conclusion.

### 2. Defendants' affirmative defense of comparative negligence is legally insufficient.

Because the Findings and Recommendations in this case came to the erroneous conclusion that Defendants' were not barred by issue preclusion from re-litigating the issue of Nathan Franklin Jr.'s mental state, the Findings and Recommendations did not come to a decision on the adequacy of Defendants' affirmative defense. As these Findings and Recommendations are evaluated under *de novo* review (*See Prescott v. Commissioner*, No. CV 05-834-AS, 2005 US Dist LEXIS 56538, at *2 (D Or Dec. 22, 2005)), it is appropriate for the court to rule regarding the totality of Plaintiffs' argument, that Defendants' third affirmative defense and allegations regarding proportionate share of liability are legally insufficient. In their Answer, Defendants City of Gresham and Buck contend that "[i]f plaintiffs were damaged in any way as alleged in their Complaint, such damages were the result of the third-party defendant, Nathan Franklin Jr." (DKT 26, Amended Answer paragraph 2, pg. 11), and that "in the event that

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

the jury should determine that the City defendants were negligent or at fault in some manner, the jury should be instructed to determine the proportional share of fault." *Id* at paragraph 3, pg. 12. "Proportional Share of Liability" is an affirmative defense. ("[I]n a comparative negligence case, a defendant that seeks to rely on a specification of negligence not alleged by the plaintiff to establish a co defendant's proportional share of fault must affirmatively plead that specification of negligence and do so in its answer as an affirmative defense." *Lasley v. Combined Transp., Inc.*, 351 Or 1, 14, 261 P3d 1215, 1223 (2011)). "[A]n affirmative defense is legally insufficient [...] if it clearly lacks merit under any set of facts the defendant might allege." *Polk v. Legal Recovery Law Offices*, 291 FRD 485, 489 (SD Cal 2013) (internal quotations omitted.) There are no facts that Defendants City of Gresham and Buck could allege that would make proportional share of liability a meritorious affirmative defense in this case, and thus it should be stricken.

Defendants cite ORS 31.805 (DKT 26, Amended Answer pg. 9, Third Affirmative Defense) for the proposition that they are entitled to a finding of their proportionate liability. ORS 31.805 establishes the basis for proportional shares of tortfeasors and states "the proportional share of a tortfeasor in the entire liability shall be based upon the tortfeasor's percentage *of the common negligence of all* tortfeasors." ORS 31.805(1), emphasis added. ORS 31.805, in turn, cites ORS 31.600, Oregon's Comparative Fault Statute. However, "willful or intentional" tortfeasors are not included in proportionate liability determinations under Oregon's Comparative Fault system. *See Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or App 352, 379, 111 P3d 762, 778 (2005) ("References to 'fault' in ORS 31.600 and related statutes do not encompass intentional conduct to which contributory negligence was not a defense; apportionment of liability between negligent and intentional tortfeasors therefore is not permitted

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

under those statutes.") Defendants have affirmatively pled (and not in the alternative) that Nathan Franklin Jr. committed Manslaughter I against Jennifer Parise and Assault II against Lauran Parise during the incident at issue in this suit. *See* DKT 26, Defs' Third-Party Complaint, pg. 11, paragraphs 2(1) and 2(m), which thus constitutes a judicial admission. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them." Judicial admissions have "the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* In fact, the only contention that these criminal acts by Nathan Franklin Jr. constituted "simple negligence" is a conclusory statement by Defendants, but courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 US 265, 286, 106 S Ct 2932, 2944, 92 LEd2d 209, 232 (1986).

Apportionment of liability is not permitted between negligent tortfeasors and intentional tortfeasors (such as Nathan Franklin Jr.), Defendants' Third Affirmative Defense should be stricken. "In the world of torts, there are four categories of 'conduct' into which an 'infinite' number of factual situations may be placed: (1) simple negligence; (2) gross negligence; (3) an aggravated form of negligence that is often described as 'wanton' or 'reckless' conduct; and (4) intentional misconduct." *Miller v. Agripac, Inc.*, 322 Or App 202, 214, 518 P3d 957, 964 (2022). In 1971, the Oregon Legislature eliminated contributory negligence as an absolute barr to a defendant's liability for negligence by statute (*See Sandford v. Chevrolet Div. of Gen. Motors*, 292 Or 590, 593 n 2, 642 P2d 624, 625 (1982), and, in 1975, amended that statute (then ORS 18.470, now renumbered ORS 31.600) to allow for apportionment of fault. *Id.* However, this

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

statute applies only to claims "to which contributory negligence was not a defense" (*Shin v. Sunriver Preparatory Sch., Inc.*, 199 Or App 352, 379, 111 P3d 762, 778 (2005)), as it explicitly did not "create or abolish any defense." ORS 31.600(1). Historically, in Oregon, the defense of contributory negligence was not available for wanton negligence or intentional misconduct. *See Cook v. Kinzua Pine Mils Co.*, 207 Or. 34, 293 P. 2d 717 (Or. 1956). Thus, defendants who were wantonly negligent or committed intentional misconduct are not included in Oregon's liability apportionment.

In this action, Defendants City of Gresham and Buck have pled that Third-Party Defendant Nathan Franklin Jr. is responsible for any damages that Plaintiffs suffered (DKT 26, Amended Answer paragraph 2 pg. 11) because his conduct during the incident at issue in this case constituted criminal manslaughter (*Id.* at pg. 12 section (l)) and criminal assault (*Id.* at section (m)). Oregon's Supreme Court has previously had cause to compare Oregon's criminal law statutes with its negligence standards, and have determined that "a criminal defendant who is guilty of third-degree assault has acted with a degree of culpability that is *at least as great* as that of a civil defendant whose conduct meets the threshold for wantonness." *State v. Gutierrez-Medina,* 365 Or 79, 92, 442 P3d 183, 190 (2019)(emphasis added.) Defendants City of Gresham and Buck have pled that Third-Party Defendant Nathan Franklin Jr. committed Assault in the Second Degree during the relevant incident, and that contributed to Plaintiffs' injuries. *See* DKT 26, Amended Answer paragraph 2, pg. 11. Assault in the Second Degree has two possible mental states, Intentional or Wanton. *See* ORS 163.175[3]. Both mental states are of a higher

---

[3]"A person commits the crime of assault in the second degree if the person:
    (a) Intentionally or knowingly causes serious physical injury to another;
    (b) Intentionally or knowingly causes physical injury to another by means of a

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

degree than ordinary negligence, and thus Mr. Franklin's conduct cannot support Defendants'

Third Affirmative Defense. Nathan Franklin Jr. actually pled guilty to, among other charges,

Assault in the Second Degree on January 28, 2025, due to his conduct during the relevant

incident, and a pursuant judgment against him was entered. By establishing that Nathan Franklin

Jr.'s conduct in this incident amounted to at least wanton, but possibly intentional misconduct in

their own Answer, Defendants City of Gresham and Buck have actually established that they are

*not* entitled to apportionment of liability with the Third-Party Defendant as a matter of Oregon

law.

> "[T]he group of people identified in ORS 31.605—the group whose collective negligence
> is to be compared to the plaintiff's negligence for purposes of the defense of comparative
> fault—does not include people who behaved wantonly or intentionally. Because those
> people are simply not in the comparison group, they not only cannot rely on the defense
> of comparative fault themselves, but no one can look to them for apportionment under
> ORS 31.605."
> *Miller v. Agripac, Inc.*, 322 Or App 202, 224, 518 P3d 957, 969 (2022).

Perhaps in an attempt to skirt this legal pitfall to their affirmative defense, Defendants

term Nathan Franklin Jr.'s conduct as "negligent" in their pleading. *See* DKT 26, Amended

Answer paragraph 2, pg. 11. However, "[a]n assault and battery is not negligence. The former is

intentional and wilful; the latter unintentional. When defendant's conduct is wilful and

intentional, it is no longer negligence." *Denton v. Arnstein*, 197 Or 28, 45, 250 P2d 407, 415

(1952). Defendants cannot include Third-Party Defendant Nathan Franklin Jr. in a relative fault

analysis by improperly calling his conduct "negligent." "As a matter of law and fact, there is no

---

deadly or dangerous weapon; or
(c) Recklessly causes serious physical injury to another by means of a deadly or
dangerous weapon under circumstances manifesting extreme indifference to the
value of human life." ORS 163.175(1).

CREIGHTON
& ROSE, PC   ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 14- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

such thing as a negligent fist fight." *Kasnick v. Cooke*, 116 Or App 580, 583, 842 P2d 440, 441 (1992).

Mr. Franklin was convicted of intentional or wanton conduct, and this conduct does not support Defendant's Third Affirmative Defense, and so must be stricken. Nathan Franklin Jr.'s conviction also does not obviate Defendants' City of Gresham and Buck's liability for Plaintiffs' claims. It is axiomatic that the conduct of multiple defendants can each be the legal "cause-in-fact" of a plaintiff's harm. Defendants City of Gresham and Buck are liable for Plaintiffs' injuries if a fact-finder determines their actions or omissions were the cause-in-fact of Plaintiffs' injuries, with no apportionment of fault.

//

//

//

//

//

//

//

//

//

//

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 15- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS

**CONCLUSION**

Pursuant to FRCP 12(f)(2) and the reasoning contained herein, Plaintiff Lauran Parise respectfully requests that the Defendant City of Gresham and Defendant Jonathan Buck's Third Affirmative Defense be stricken, because it fails to plead a sufficient defense as a matter of Oregon law.

DATED this 11ᵗʰ day of May, 2026.

CREIGHTON & ROSE, PC

 s/ Kristin Bell
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
SEAN J. RIDDELL, OSB #013943
sjr@seanjriddellpc.com
KRISTIN BELL, OSB #235024
kristin@civilrightspdx.com
Of Attorneys for Plaintiffs

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 16- PLAINTIFF L. PARISE'S OBJECTIONS TO FINDINGS AND RECS